**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN GEIGER, | : | |
| | : | Civil Action No. 10-5458 (JEI) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KAREN BALICKI, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

> **STEVEN GEIGER**, Petitioner Pro Se
> #248317/128254B
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, NJ 08302

**IRENAS**, District Judge

   This matter is before the Court on Petitioner Steven Geiger's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 1992 New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by

petitioner that his § 2254 habeas petition may be subject to dismissal as time-barred under 28 U.S.C. §2244(d).[1]

## I. PROCEDURAL BACKGROUND

Petitioner, Steven P. Geiger("Petitioner"), filed a petition for habeas corpus relief on or about October 14, 2010.[2] According to the allegations contained in his petition, Petitioner was convicted by jury trial on or about October 1, 1992, in the Superior Court of New Jersey, Gloucester County on a count of murder and multiple counts of aggravated assault and weapons charges. On November 6, 1992, Petitioner was sentenced

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. The Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 547 U.S. 198, 209(2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Here, Petitioner signed his petition on October 14, 2010. Therefore, the Court will use the date October 14, 2010, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court, which was October 20, 2010.

to thirty years without the possibility of parole pursuant to N.J.S.A. 2C:11-3(b).

Petitioner filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On April 10, 1995, the Appellate Division affirmed the conviction. The Supreme Court of New Jersey denied certification on June 7, 1995. Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On January 9, 2004, Petitioner filed a petition for post-conviction relief ("PCR"), pro se, in the Superior Court of New Jersey, Law Division, Gloucester County. On December 15, 2006, the Superior Court denied the petition. On September 25, 2009, the Appellate Division affirmed the Superior Court's denial of PCR. On January 14, 2010, the New Jersey Supreme Court denied certification.

As stated above, Petitioner filed this federal habeas petition on October 14, 2010.

## II.    STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F.Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111; see also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)

4

("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations

5

period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. Swartz, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner was convicted in 1992 and that state court conviction became final in 1995, before the enactment of AEDPA on April 24, 1996. Therefore, Petitioner had until April 23, 1997 to bring his federal habeas petition under § 2254. To permit tolling of the one-year limitations period under 28 U.S.C. §

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, or before April 23, 1997. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Petitioner filed his state PCR petition on January 9, 2004, approximately seven years after the statutory period had run pursuant to 28 U.S.C. § 2244(d)(1), without any tolling as permitted under § 2244(d)(2). Petitioner did not file the instant habeas petition until October 14, 2010, approximately thirteen years after the one year period had expired. Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness. See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Petitioner may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001);

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v.

8

Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition, an Order will be issued directing Petitioner to show cause why his petition should not be dismissed as time-barred.

## IV. CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Petitioner to show cause in writing why his

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

9

petition should not be dismissed as untimely.  An appropriate order follows.

                                        s/ Joseph E. Irenas
                                        JOSEPH E. IRENAS
                                        Senior United States District Judge

DATED: February 2, 2011